Dore, J.
(dissenting). Prior to 1934, section 79 of the Personal Property Law provided that the seller must sell the retaken goods at public auction, such sale to be held not more than thirty days after the retaking. If the seller caused the retaken goods to be sold after the prescribed thirty-day period, the buyer could recover against the seller, under section 80-e of the Personal Property Law the actual damages sustained or in no event less than one quarter of all payments made under the contract.
In 1933, it was held in Montgomery Acceptance Corp. v. Coon (263 N. Y. 561) that when the goods were retaken, by legal process it was incumbent under section 79 for the seller to resell the goods within thirty days after the retaking regardless of the pendency of a replevin action; and consequently, under the facts of that case, the buyer was entitled to damages as allowed by section 80-e. This prompted the Legislature to amend section 79 (L. 1934, ch. 728) by adding: “ Provided, however, that when the seller retakes possession of the goods by legal process, and an answer is interposed the seller may hold such retaken goods for a period not to exceed thirty days after the entry of a judgment by a court of competent jurisdiction entitling the seller to possession of such goods before holding such resale.”
The intention of the Legislature must be determined in the light of its purpose to remedy the result reached in the Montgomery case (supra) as limited by the declared legislative policy to. award damages to the buyer (§ 80-e) for violation of the restrictions imposed on the seller by section 79. The intention was, although not too clearly expressed, to give the seller two alternatives; viz., (1) either to sell the retaken goods within thirty days after the retaking; or (2) where issue has been joined in a replevin action, after retaking by legal process, to hold the goods, without being subject to the liabilities of section 80-e, until judgment has been entered “ entitling the seller to possession of such goods,” and then to hold the resale. In short, the intention was that, if not sold within the thirty days after retaking, the contested issues should be tried before resale.
The Legislature advisedly adopted the word “ may ” rather than “ must ” hold; for if the mandatory form were used, the seller would be deprived of the benefit available under the first alternative to resell within thirty days after the retaking. The conclusion follows that where, as here, the seller permits the thirty-day period to elapse after retaking without reselling, it *592 must respond in damages to the buyer for holding the resale during pendency of the replevin action.
This result is not unfair to the conditional vendor who has already been paid more than half the purchase price of the chattels and in addition has retaken all the chattels and resold them.
Further, this defendant had opportunity to ask leave to correct its pleading before the City Court, but did not do so; and in the light of all the facts disclosed, should not now, in a second appellate court, receive additional opportunity to amend.
Finally, even if defendant had pleaded the facts not pleaded, plaintiffs would, nevertheless, be entitled to judgment on the pleadings; for defendant did not comply with either of the alternative provisions for the resale of the chattels under section 79 of the Personal Property Law.
In my opinion, the determination of the Appellate Term was correct and, accordingly, I dissent and vote to affirm.
Peck, P. J., Cohn and Van Voorhis, JJ., concur in Per Curiam opinion; Dore, J., dissents and votes to affirm, in opinion in which Callahan, J., concurs.
Determination of the Appellate Term and the judgment of the City Court entered thereon reversed, with costs, and the order of the City Court, denying plaintiffs’ motion for judgment on the pleadings reinstated, with leave to the defendant to amend its answer. [See 277 App. Div. 757, 844.]